IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: Marla J. Green                :
             Debtor       :       CHAPTER 11
                                   :       BKY. NO. 16-15344 ELF

**OBJECTION OF JAMES DIDIO, SPOUSAL CREDITOR, TO DEBTOR'S CLAIM THAT THERE IS NO RESPONSE TO DEBTOR'S MOTION TO REJECT EXECUTORY CONTRACT**

Spousal Creditor, James DiDio, ("Husband"), by his undersigned counsel, hereby objects to the Debtor's claim that there is no response to Debtor's Motion to Reject Lease or Executory Contract, whereby Debtor is seeking to reject a domestic relations arbitration agreement that has been entered as an order (the "Montco Arbitration Order" attached to Debtor's motion as its Exhibit "B") of the Montgomery County, Pennsylvania, Court of Common Pleas at Docket No. 2014-27093 (the "Domestic Matter").

1. On October 14, 2016, Debtor filed two related motions, one to Reject Executory Contract, (the "Motion to Reject" at Docket No. 46) whereby she is seeking to renounce the domestic relations arbitration agreement voluntarily entered into under the advice of counsel by Debtor and Husband to arbitrate all financial disputes in the Domestic Matter – and then entered as an order of the court in the Domestic Matter; and the other to stay domestic support proceedings in the Domestic Matter (the "Support Motion" at Docket No. 47).

2. In his objection to Debtor's emergency motion to stay the Domestic Matter ("Husband's Objection," see Docket No. 56), filed by Debtor concomitantly with her Motion to Reject and the Support Motion on October 14, 2016 (see Docket No. 45), Husband expressly objected to and denied that Debtor is entitled to reject the Montco Arbitration Order. Husband's opposition to the

Motion to Reject has also been restated in open court during the hearing held on October 27, 2016 and the hearing to be held on this date.

3. Husband also alleged (and continues to allege) in Husband's Objection that the Debtor's bankruptcy was improperly instituted primarily to further delay and avoid her support obligations (the subject of the Support Motion) and the resolution of the economic issues by arbitration (the subject of the Motion to Reject). This assertion is supported by the timing of the commencement of Debtor's bankruptcy which occurred on the eve of the arbitration proceeding, which had been continued at Debtor's request in the first place.

4. In Husband's Objection, it is also stated that Husband intends to seek enforcement of the Montco Arbitration Order and compel the arbitration to take place *via* the appropriate legal mechanisms, namely a motion for relief from the automatic stay in this bankruptcy proceeding followed by appropriate motions for relief in the state court where the Domestic Matter is pending.

Respectfully submitted,

Law Offices of Andrew Teitelman P.C.

By: /s/Andrew Teitelman
    Andrew Teitelman
    380 Red Lion Road, Suite 103
    Huntingdon Valley, PA 19006
    Ph:   (267) 255-6864
    Fx:   (215) 434-7491
    Email: ateitelman@teitelaw.com.com
    *Attorneys for James DiDio*

Dated: November 28, 2016