# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: Marla J. Green           :
          Debtor    :    CHAPTER 11
                    :    BKY. NO. 16-15344 ELF

## **ORDER**

AND NOW, this    day of             ,2016, upon consideration of the application of Debtor to employ Keller Williams Realty Shore , agent Emily Marchese, as the listing broker for the Margate property (the "Application"), and Spousal Creditor's, James DiDio, Objections thereto, and the response of any other interested parties thereto, if any, and the hearing on the matter held on December 28, 2016, it is hereby

ORDERED AND DECREED that the Application is hereby DENIED, and it is

FURTHER ORDERED AND DECREED that Paula Hartman of Berkshire Hathaway Home Services, Fox & Roach, Realtors, is hereby appointed as the listing agent for the Margate Property.

                              BY THE COURT:

                              _____
                              ERIC L. FRANK, CHIEF UNITED
                              STATES BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: Marla J. Green                          :
            Debtor       :       CHAPTER 11
                                :       BKY. NO. 16-15344 ELF

**OBJECTION OF JAMES DIDIO, SPOUSAL CREDITOR, TO DEBTOR'S**
**APPLICATION TO APPOINT REALTOR PURSUANT TO**
**SECTIONS 327 AND 1103 OF THE BANKRUPTCY COD**

Spousal Creditor, James DiDio, ("Husband"), by his undersigned counsel, hereby objects to the Debtor's Application to Employ Realtor Pursuant to Sections 327 and 1103 of the Bankruptcy Code; proposal to appoint Paula Hartman of Berkshire Hathaway Home Services, Fox & Roach, Realtors,[1] ("Hartman"), as the listing broker for the parties' Margate property, where Hartman was previousl approved to be the listing broker for said property in the Domestic Matter pending in the Montgomery County, Pennsylvania, Court of Common Pleas at Docket No. 2014-27093 (the "Domestic Matter"). In furtherance of these objections and given the complex history of the domestic relations matter between Debtor and Husband, Husband hereby incorporates herein his motion to dismiss Debtor's Chapter 11 Bankruptcy petition ("Husband's Motion to Dismiss"), at Docket No. 97.

1. Admitted only that the bankruptcy petition was filed by Debtor *pro se* and that the Order granting a temporary stay was entered. It is expressly denied that Debtor is entitled to such relief.

2. It is admitted only that Debtor is attempting to use these proceedings to appoint a new real estate broker to sell the parties' Margate property; although the Montgomery County Court previously appointed Hartman who has done an outstanding job marketing the Property.

---

[1] Ms. Hartman is expected to testify about this and other matters at the December 28, 2016 hearing. Attached hereto as Exhibit 1 is the April 12, 2016 letter from Ms. Hartman discussing her appointment by the court as the listing broker

Hartman procured a ready, able and willing buyer to purchase the property, only to have the sale sabotaged by Debtor in violation of the orders issued in Montgomery County.

    3. Denied. Marchese is not nearly as qualified as Hartman (see Exhibit 1 hereto); and it is believed that Debtor wishes to have Marchese appointed instead of Hartman to further delay the sale of the Margate property, which Debtor appears to want to retain for her own use.  For example, Husband Creditor has learned that Debtor has spent significant sums to hire a landscaper and to obtain repairs and improvements to the Margate property (which had been condemned by the City of Margate), so that she could continue to use this vacation property, even though she has been ordered to sell it and while she does everything in her power to avoid such a sale; and while not paying the mortgage and allowing the value of this asset to be dissipated.

    4. Denied. This Court should appoint Hartman as the listing broker for all of the reasons stated hereinabove and in Exhibit 1.

    5. Admitted that a real estate agent needs to be employed; and that agent should continue to be Hartman.

    6. Denied. Husband Creditor does not have sufficient information or knowledge upon which to admit this averment. However, it has already been established that Hartman represents no other entity in connection with this case, is a disinterested person, and represents or holds no interest adverse to the interests of the estate with respect to the matters upon which Hartman has been employed in the Domestic matter prior to the Debtor's bankruptcy. See Exhibit 1 hereto.

    7. Denied. The court should reject Debtor's application to appoint Marchese and, instead should appoint Hartman to continue as the listing broker.

WHEREFORE, it is respectfully requested that Debtor's application to employ Marchese be denied and that the court appoint Hartman to continue as the listing broker/

>Respectfully submitted,
>
>Law Offices of Andrew Teitelman P.C.
>
>By: /s/Andrew Teitelman
>Andrew Teitelman
>380 Red Lion Road, Suite 103
>Huntingdon Valley, PA  19006
>Ph:    (267) 255-6864
>Fx:    (215) 434-7491
>Email: ateitelman@teitelaw.com.com
>*Attorneys for James DiDio*

Dated: December 1, 2016

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: Marla J. Green          :
            Debtor     :     CHAPTER 11
                        :     BKY. NO. 16-15344 ELF

**CERTIFICATE OF SERVICE**

Andrew Teitelman does hereby certify that he did serve a true and correct copy of the following documents upon the Office of the U.S. Trustee, and any other person of record in this case to receive ECF service, and persons of interest, on this 1ST day of December, 2016:

Objection of James DiDio, Spousal Creditor, to Debtor's Application to Employ Realtor, proposed Order, and this Certificate of Service, and as noticed:

By: ECF

| | |
|---|---|
| David Adams, Esquire<br>Jeffrey Bookman<br>Office of the U.S. Trustee<br>833 Chestnut Street, Suite 500<br>Philadelphia, PA 19107 | William Miller, Esquire<br>Stem & Eisenberg, P.C.<br>1581 Main Street, Suite 200<br>Warrington, PA 18976 |
| Prince Atlee Thomas, Esquire<br>Fox Rothschild, LLP<br>2000 Market Street, 20th Floor<br>Philadelphia, PA 19103 | Joshua Goldman, Esquire<br>KML Law Group<br>701 Market Street, Suite 5000<br>Philadelphia, PA 19106 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101 | Stuart A. Eisenberg, Esquire<br>Carol B. McCullough, Esquire<br>McCullough Eisenberg, LLC<br>65 W. Street Road, Ste. A-204<br>Warminster, PA 18974 |

                                                                By: /s/Andrew Teitelman
                                                                    Andrew Teitelman
                                                                    380 Red Lion Road, Suite 103
                                                                    Huntingdon Valley, PA  19006
                                                                    Ph:     (267) 255-6864
                                                                    Fx:     (215) 434-7491
                                                                    Email: ateitelman@teitelaw.com.com
                                                                    *Attorneys for James DiDio*

Dated: December 1, 2016